THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Mother, Father, and Child, Defendants,
 Of whom Father is Appellant.
 
 
 

Appeal From York County
 Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2007-UP-020
Submitted January 1, 2007  Filed January 11, 2007    

AFFIRMED

 
 
 
 Christi P. Cox, of Rock Hill, for Appellant.
 Cherie Teat Barton, of York, for Respondent.
 
 
 

PER CURIAM:  Father appeals the family courts order terminating his parental rights.  We affirm.[1]
FACTS
Father is Childs biological father.  This appeal arises from the family courts termination of Fathers parental rights on January 31, 2006, for the following statutory grounds: (1) Child has been in foster care under the responsibility of the State for more than fifteen of the most recent twenty-two months; (2) Child has been out of the home for six months following the adoption of a placement plan and Father has not remedied the conditions that caused removal; and (3) Child has been out of the home and Father failed to support or visit Child for a period of six months prior to the commencement of the termination of parental rights proceedings.  
Child was born in 1992.  When Child was two, Father left the household[2] and Child continued to reside with Mother until August 29, 2002.  In August, when Child was almost ten years old, he was removed from Mothers custody due to allegations of physical neglect stemming from Mothers substance-abuse problems.  Despite his young age, Child was out late at night and Child had been charged with several incidents by law enforcement including cruelty to animals, larceny, simple assault, arson, theft from a motor vehicle, vandalism, aggravated assault, and burglary second-degree.  Child has been in foster care continuously since his removal.  At the time of Childs removal from Mothers custody, Father had violated probation by using drugs and was incarcerated at the Moss Justice Center.  Subsequently, he enrolled in a twenty-eight day in-patient substance abuse center.
After his release, the Department of Social Services (the Department) and Father entered into a treatment plan that required Father to (1) pay child support in the amount of $50 per month; (2) obtain suitable housing; (3) obtain employment; (4) contact Keystone to schedule an assessment for substance abuse; and (5) participate in family counseling until released by Childs therapist.
For a brief period from August 29, 2002 until March 31, 2003, Father was not incarcerated.  During that time, he had four visits with Child and two phone conversations.  After those visits, Childs behavior would regress.  Because of this, Childs guardian ad litem recommended that Child not visit with Father.  At that time the Department was not in agreement with the guardian ad litems recommendation.  The Department later ended Fathers visitation privileges in March 2003 based on the recommendation of Childs therapist.
In June of 2005, the Department filed an action for termination of Fathers parental rights.  During the hearing, Father testified that after he completed a substance abuse program, he again used drugs.  He testified he used drugs for about ten years, twenty years.  Further, Father testified that prior to Childs removal Mother had told him she wanted him to take custody of Child, and that he told Mother he first needed some time to get straight.  During this time, however, Father violated his parole by using drugs and was incarcerated.  He also testified that while he was not incarcerated, he was employed but did not pay child support.  The record shows Father made two child support payments during the entire time Child has been in the Departments custody.  Father testified that during his incarceration, after his parole was revoked for the second time, he did not seek any visitation with Child.  At the time of the termination hearing, Father was incarcerated and eligible for parole in November or December of 2006.
Following the hearing, the family court concluded, pursuant to section 20-7-1572 of the South Carolina Code, that termination of Fathers parental rights was warranted under the circumstances and that such termination was in Childs best interest.  See S.C. Code Ann. § 20-7-1572 (Supp. 2005).  Specifically, the family court found Child had been removed from Fathers home for more than six months and Father failed to visit or support Child.  Additionally, the family court found Father failed to remedy the conditions that led to Childs removal; namely, he does not have a home in which to house Child and by Fathers own admission it would take six to eight months after his release from prison before he would have a home for Child.  The family court noted Child had been in foster care for fifteen of the most recent twenty-two months and had been waiting three years for Father to provide a home for him, but Father has been unable to do so.  Moreover, the family court found that Father has not completed counseling.  Based on the foregoing, the family court ordered the termination of Fathers parental rights.  This appeal followed.  
STANDARD OF REVIEW
In a termination of parental rights case, the appellate court has jurisdiction to examine the entire record to determine the facts according to its view of the evidence.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003) (citing Richland County Dept of Soc. Servs. v. Earles, 330 S.C. 24, 32, 496 S.E.2d 864, 866 (1998)).  In our examination, the best interest of the child is our paramount consideration.  Id. at 579, 578 S.E.2d at 735.  Additionally, the grounds for termination of parental rights must be proved by clear and convincing evidence.  South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (citing Greenville County Dept of Soc. Servs. v. Bowes, 313 S.C. 188, 194, 437 S.E.2d 107, 110 (1993)).  Our broad scope of review does not require us to disregard the findings below or ignore the fact the trial judge was in a better position to assess the credibility of the witnesses.  South Carolina Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001) (citing Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996)).
LAW/ANALYSIS
On appeal, Father argues the family court erred in terminating his parental rights.  He contends termination was not warranted based on the facts and circumstances of this case.  We disagree.
Section 20-7-1572 of the South Carolina Code governs actions for termination of parental rights in South Carolina and provides [t]he family court may order the termination of parental rights upon a finding of one or more of the [statutory] grounds and a finding that termination is in the best interest of the child . . . .  S.C. Code Ann. § 20-7-1572 (Supp. 2005).
The family court found Child had been out of the home for six months following the adoption of a placement plan and Father had not remedied the conditions that caused the removal.  See id. § 20-7-1572 (2) (The child has been removed from the parent . . . , has been out of the home for a period of six months following the adoption of a placement plan by court order  . . . , and the parent has not remedied the conditions which caused the removal.).  Father did not appeal this finding; therefore, it is the law of the case.  See South Carolina Dept of Soc. Servs. v. Seegars, 367 S.C. 623, 628 n.3, 627 S.E.2d 718, 721 n.3 (2006).  Therefore, as long as termination of Fathers parental rights was also in the best interest of Child, we will uphold the family courts order.  
The family court did, in fact, find terminating Fathers parental rights was in the best interest of Child.  Darren Weldon, Childs caseworker at the Department, testified Child has bonded with his foster family and the family would like to adopt him.  Weldon testified that Child was belligerent and defiant when they first met.  Weldon testified Child constantly fought in school and he hung around with the wrong crowd.  Before the Departments intervention, Child developed a criminal record and had numerous incidents filed against him with the police, including a charge of cruelty to animals.  Weldon testified that, since Child has been in foster care, Child has stabilized, is very polite, goes to school, and shows he wants to be a productive part of society.  Weldon stated Child told him on numerous occasions that he does not want to be reunited with Father.  In addition, Childs guardian ad litem testified he believed terminating Fathers parental rights was in Childs best interest.  The record fully supports the family courts decision that the termination of Fathers parental rights was in the best interest of Child.
The order of the family court is, therefore,
AFFIRMED.[3]
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Father has not lived with Child since that time.  Child is currently fourteen years old.
[3]  In light of our resolution of this case, we need not address Fathers remaining issues.